USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/18/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CADLEROCK JOINT VENTURE, L.P.,

                Plaintiff,

     -against-

ESMELDY AUTO CORP. and
RAMON RAMIREZ,

                Defendants.
------------------------------------------------------------X

09 Civ. 3084 (RMB)

**ORDER**

      Having reviewed, among other things, Plaintiff Cadlerock Joint Venture, L.P.'s complaint, dated March 25, 2009; the default judgment, entered July 8, 2009, against Defendants Esmeldy Auto Corp. and Ramon Ramirez ("Ramirez") in the amount of $80,298.49 "for having failed to answer or otherwise appear and defend this action"; Plaintiff's subpoena, dated March 2, 2011 ("Subpoena"), commanding Ramirez to produce various financial documents by April 15, 2011 and to appear for a deposition before Plaintiff's counsel on April 26, 2011; an affidavit, dated March 18, 2011, attesting to service of the Subpoena on Ramirez on March 16, 2011 and on March 17, 2011; Plaintiff's motion, filed June 8, 2011, pursuant to Rule 45 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), seeking (1) to compel Ramirez "to produce documents and appear for postjudgment deposition as required by . . . [the] Subpoena," (2) to hold Ramirez "in contempt of the Court for willful failure to comply with [the] Subpoena," and (3) attorneys' fees and costs incurred as a result of this motion; and applicable law, the Court finds and directs as follows:

      **(1) Plaintiff's motion to compel Ramirez to comply with the Subpoena is granted.**
"Unless it offers an adequate excuse, a party or non-party must obey a valid subpoena." Orbit

One Commc'ns, Inc. v. Numerex Corp., 255 F.R.D. 98, 105 (S.D.N.Y. 2008); see Fed. R. Civ. P. 45(e). Ramirez has not complied with the Subpoena, nor has he submitted any response or objection to Plaintiff's motion. Accordingly, the Court finds that an order directing Ramirez's compliance with the Subpoena is appropriate. See Fed. R. Civ. P. 69(a)(2); Kohler Co. v. Weiss, No. 90 Civ. 3188, 1993 WL 307775, at *2 (S.D.N.Y. Aug. 9, 1993); Adkison v. Marshall & Ziolkowski Enters., LLC, No. 07 Civ. 4739, 2008 WL 1924919, at *1 (E.D.N.Y. Apr. 29, 2008).

**(2) Plaintiff's motion for contempt is respectfully denied at this time without prejudice.** A finding of contempt "is generally appropriate only *after* the court has already entered a directive ordering such compliance." Bd. of Trs. of Local 295/Local 851 - I.B.T. Emp'r Grp. Pension Trust Fund v. Hail Air Freight, Inc., No. 06 Civ. 528, 2008 WL 1758719, at *4 (S.D.N.Y. Apr. 16, 2008) (emphasis in original); see also N.J. Sports Prods., Inc. v. Eliades, No. 06 Civ. 1509, 2007 WL 1087189, at *1 (S.D.N.Y. Apr. 11, 2007); Filmvideo Releasing Corp. v. Hastings, 517 F. Supp. 66, 68 (S.D.N.Y. 1981). That is because noncompliance with an order to compel discovery "serves as clear and convincing evidence that a contempt finding is, not simply sufficient, but necessary to coerce the opposing party into compliance." Bd. of Trs., 2008 WL 1758719, at *4 (internal quotation marks and citations omitted).

**(3) Plaintiff's request for attorneys' fees and costs is also respectfully denied at this time without prejudice.** "Because the Court had not entered . . . an order [to compel] prior to the filing of this motion, neither a contempt finding nor the entry of sanctions against [Ramirez] is warranted at this time." Bd. of Trs., 2008 WL 1758719, at *4; see also Kohler Co. 1993 WL 307775, at *2 (declining to award plaintiff attorneys' fees prior to finding defendant in contempt); Diamond v. Simon, No. 89 Civ. 7061, 1994 WL 10622, at *1 (S.D.N.Y. Jan. 10, 1994).

**Conclusion and Order**

For the reasons set forth above, Ramirez is ordered to produce the documents requested in the Subpoena on or before August 18, 2011, and to make himself available for a deposition before Plaintiff's counsel on or before September 9, 2011. (See Ex. B to Pl.'s Mot., dated June 8, 2011.) Plaintiff's requests that the Court hold Ramirez in contempt and grant Plaintiff an award of attorneys' fees and costs are denied without prejudice.

Dated: New York, New York
July 18, 2011

_____
RICHARD M. BERMAN, U.S.D.J.